1  KIRAN S. LOPEZ (SBN 252467)
2  kirlopez@tesla.com
   TESLA, INC.
3  901 Page Avenue
   Fremont, California 94538
4  Telephone: (510) 239-1413

5  Attorneys for Defendant
   TESLA, INC.
6

7                    **UNITED STATES DISTRICT COURT**

8                   **NORTHERN DISTRICT OF CALIFORNIA**

9

10 SHAMEIM LOWTHER,                          Case No. 3:21-cv-04735-EMC
                                             *(Assigned for All Purposes to the Hon. Edward*
11              Plaintiff,                   *M. Chen)*

12    v.                                     **DEFENDANT TESLA, INC.'S CASE
                                             MANAGEMENT STATEMENT**
13 TESLA, INC.,
                                             Date:      March 10, 2022
14              Defendant.                   Time:      1:30 p.m.
                                             Location:  San Francisco Courthouse
15                                                      Courtroom 5 – 17th Floor
                                                        450 Golden Gate Avenue
16                                                      San Francisco, CA 94102

17                                           **[Filed concurrently with the Declaration of
                                             Kiran S. Lopez]**
18
                                             *Complaint Filed: June 21, 2021*
19                                           *Trial Date: None.*

20

21         Pursuant to United States District Court, Northern District of California Local Rule 16-9, and in

22 accordance with the Standing Order for All Judges of the Northern District of California – Contents of

23 Joint Case Management Statement and this Court's February 9, 2022 Notice Continuing Initial Case

24 Managements Conference Previously Set for February 15, 2022 (D.E. 28), Defendant Tesla, Inc. ("Tesla")

25 respectfully submits this Case Management Statement in advance of the March 10, 2022 Case

26 Management Conference. Tesla understands that the Court ordered it and Plaintiff Shameim Lowther

27 ("Plaintiff") to submit a Joint Case Management Statement; however, Plaintiff did not respond to Tesla's

28 efforts to meet and confer (Tesla and Plaintiff are referred to collectively herein as the "Parties"). *See*

---
**DEFENDANT TESLA, INC.'S CASE MANAGEMENT STATEMENT**

concurrently filed Declaration of Kiran S. Lopez at ¶¶2-4 and Exs. 1-3 (February 28 – March 2, 2022 emails to Plaintiff).

**1.      Jurisdiction and Service:**

On June 21, 2021, Plaintiff filed this case in the United States District Court for the Northern District of California. D.E. 1.

On October 12, 2021, Tesla filed its Answer to the Complaint. D.E. 15.

**2.      Facts:**

Plaintiff alleges that she was discriminated against based upon her race or color and sex, and subjected to retaliation for engaging in an alleged protected activity. Tesla denies Plaintiff's allegations.

**3.      Legal Issues:**

Plaintiff has alleged causes of action for retaliation and discrimination based upon her sex (female) and race (African-America), in violation of Title VII of the Civil Rights Act of 1964, as amended. The elements of each of Plaintiff's legal claims and the grounds for this action are at issue. Tesla has asserted numerous affirmative defenses in its Answer, including that this matter is in the incorrect forum and should be in binding arbitration before JAMS, pursuant to the arbitration agreement Plaintiff signed at time of hire (see Section 4, below).

**4.      Motions:**

On October 26, 2021, Tesla emailed Plaintiff, who is representing herself in this matter, and advised that she had signed a binding and enforceable arbitration agreement upon hire, provided Plaintiff with a copy of the Arbitration Agreement, asked Plaintiff if she would submit her claims to arbitration, and offered to prepare a draft stipulation. On October 27, 2021, Plaintiff asked Tesla to provide the stipulation for her review, which was done immediately. Tesla thereafter sent Plaintiff several follow-up emails, and on November 18, 2021 Plaintiff agreed to stipulate to arbitration and approved Tesla filing the stipulation and proposed order. That same day, Tesla filed the stipulation to arbitrate and proposed order with the Court. D.E. 22.

On November 23, 2021, the Court advised Tesla via email that it was holding off on the stipulation because Plaintiff had expressed she had some doubts about agreeing to arbitration. On November 27, 2021, Plaintiff advised the Court and Tesla that she had "decided not to go through with arbitration."

Tesla filed its Notice of Motion and Motion to Compel Arbitration and Stay Proceedings and supporting documents (collectively, the "Motion for Arbitration") on February 4, 2022. D.E. 25.

Plaintiff's Opposition to the Motion for Arbitration was due on February 18, 2022. D.E. 25. Plaintiff filed her Opposition on February 22, 2022. D.E. 29.

Tesla timely filed its Reply Memorandum in support of the Motion to Arbitration on February 24, 2022. D.E. 32.

The Motion for Arbitration is set for hearing on March 10, 2022. D.E. 25.

**5.   Amendment of Pleadings:**

No pleading amendments are anticipated by Tesla.

**6.   Evidence Preservation:**

Tesla has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have not yet met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, but will do so if needed. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7.   Disclosures:**

In anticipation of filing the Motion for Arbitration, Tesla has not made initial disclosures. Plaintiff has made no initial disclosures to Tesla.

**8.   Discovery:**

No discovery has been taken yet by the Parties, and no depositions have been noticed.

**9.   Class Actions:**

This is not a class action.

**10.  Related Cases:**

None.

**11. Relief:**

Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees. D.E. 1.

Tesla seeks judgment in its favor and an order awarding it all reasonable attorney's fees and costs incurred in the defense of this action, along with all other relief that the Court deems just and proper.

**12. Settlement and ADR:**

Tesla is amenable to ADR efforts, potentially including private mediation.

**13. Consent to Magistrate Judge For All Purposes:**

This matter was first assigned to Chief Magistrate Judge Joseph C. Spero. This matter was reassigned to the Honorable Edward M. Chen. D.E. 21.

**14. Other References:**

Tesla believes this case should be ordered to binding arbitration. Tesla does not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

There is no narrowing of issues at this time.

**16. Expedited Trial Procedure:**

Tesla does not believe that this is a case that would benefit from the Expedited Trial Procedure of General Order No. 64.

**17. Scheduling:**

In order to preserve the time and resources of the Parties and the Court, and to avoid potential unnecessary disruption of the Court's trial schedule, Tesla respectfully requests that the Court not enter any dates unless and until doing do is needed, pending the Court's ruling on the Motion for Arbitration.

**18. Trial:**

In order to preserve the time and resources of the Parties and the Court, and to avoid potential unnecessary disruption of the Court's trial schedule, Tesla respectfully requests that the Court not enter any dates unless and until doing do is needed, pending the Court's ruling on the Motion for Arbitration.

**19.     Disclosure of Non-Party Interested Entities or Persons:**

Tesla is not aware of any interested entities or persons other than Plaintiff and Tesla.

**20.     Professional Conduct:**

Counsel for Tesla is familiar with the guidelines for professional conduct for the Northern District of California.

**21.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

Due to COVID-19 -related concerns, Tesla respectfully requests that the Court continue to permit the Parties to appear remotely whenever possible, including for the upcoming case management conference.

DATED: March 3, 2022                              Respectfully submitted,

                                                  TESLA, INC.

                                                  By: */s/ Kiran S. Lopez*
                                                  Kiran S. Lopez
                                                  Attorneys for Defendant Tesla, Inc.

# PROOF OF SERVICE

I, William Nervis, declare:

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 901 Page Ave., Fremont, CA 94538. On March 3, 2022, I filed a copy of the within document(s):

**DEFENDANT TESLA, INC.'S CASE MANAGEMENT STATEMENT**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.
- ☒ by filing the document(s) listed above for electronic filing via ECF/PACER from Palm Desert, California.
- ☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.
- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.
- ☐ by transmitting via my electronic service address (wnervis@tesla.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2022, at Palm Desert, California.

_____
William Nervis