KIRAN S. LOPEZ (SBN 252467)
TESLA, INC.
901 Page Avenue
Fremont, California 94538
Telephone: (510) 239-1413
kirlopez@tesla.com

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMEIM LOWTHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC.,<br><br>　　　　Defendant. | Case No. 3:21-cv-04735-EMC<br>*(Assigned for All Purposes to the Hon. Edward M. Chen)*<br><br>**JOINT CASE MANAGEMENT STATEMENT BY PLAINTIFF SHAMEIM LOWTHER AND DEFENDANT TESLA, INC.**<br><br>Date:　　　May 5, 2022<br>Time:　　　1:30 p.m.<br>Location:　San Francisco Courthouse<br>　　　　　　Courtroom 5 – 17th Floor<br>　　　　　　450 Golden Gate Avenue<br>　　　　　　San Francisco, CA 94102<br><br>*Complaint Filed: June 21, 2021*<br>*Trial Date: None.* |

Pursuant to United States District Court, Northern District of California Local Rule 16-9, and in accordance with the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement and this Court's March 31, 2022 Notice Continuing Initial Case Managements Conference Previously Set for April 7, 2022 (D.E. 38), Plaintiff Shameim Lowther ("Plaintiff") and Defendant Tesla, Inc. ("Tesla") (Plaintiff and Tesla are referred to collectively herein as the "Parties")

respectfully submit this Joint Case Management Statement in advance of the May 5, 2022 Case Management Conference.

**1.  Jurisdiction and Service:**

On June 21, 2021, Plaintiff filed this case in the United States District Court for the Northern District of California. D.E. 1.

On October 12, 2021, Tesla filed its Answer to the Complaint. D.E. 15.

**2.  Facts:**

Plaintiff alleges that she was discriminated against based upon her race or color and sex, and subjected to retaliation for engaging in an alleged protected activity. Tesla denies Plaintiff's allegations.

**3.  Legal Issues:**

Plaintiff has alleged causes of action for retaliation and discrimination based upon her sex (female) and race (African-America), in violation of Title VII of the Civil Rights Act of 1964, as amended. The elements of each of Plaintiff's legal claims and the grounds for this action are at issue. Tesla has asserted numerous affirmative defenses in its Answer, including that this matter is in the incorrect forum and should be in binding arbitration before JAMS, pursuant to the arbitration agreement Plaintiff signed at time of hire (see Section 4, below).

**4.  Motions:**

On October 26, 2021, Tesla emailed Plaintiff, who is representing herself in this matter, and advised that she had signed a binding and enforceable arbitration agreement upon hire, provided Plaintiff with a copy of the Arbitration Agreement, asked Plaintiff if she would submit her claims to arbitration, and offered to prepare a draft stipulation. On October 27, 2021, Plaintiff asked Tesla to provide the stipulation for her review, which was done immediately. Tesla thereafter sent Plaintiff several follow-up emails, and on November 18, 2021 Plaintiff agreed to stipulate to arbitration and approved Tesla filing the stipulation and proposed order. That same day, Tesla filed the stipulation to arbitrate and proposed order with the Court. D.E. 22.

On November 23, 2021, the Court advised Tesla via email that it was holding off on the stipulation because Plaintiff had expressed she had some doubts about agreeing to arbitration. On November 27, 2021, Plaintiff advised the Court and Tesla that she had "decided not to go through with arbitration."

Tesla filed its Notice of Motion and Motion to Compel Arbitration and Stay Proceedings and supporting documents (collectively, the "Motion for Arbitration") on February 4, 2022. D.E. 25.

Plaintiff's Opposition to the Motion for Arbitration was due on February 18, 2022. D.E. 25. Plaintiff filed her Opposition on February 22, 2022. D.E. 29.

Tesla timely filed its Reply Memorandum in support of the Motion to Arbitration on February 24, 2022. D.E. 32.

The Motion for Arbitration is currently set for hearing on May 5, 2022. D.E. 38.

**5.   Amendment of Pleadings:**

No pleading amendments are anticipated by the Parties.

**6.   Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties have not yet met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, but will do so if needed. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7.   Disclosures:**

In anticipation of filing the Motion for Arbitration, Tesla has not made initial disclosures. Plaintiff has made no initial disclosures to Tesla.

**8.   Discovery:**

No discovery has been taken yet by the Parties, and no depositions have been noticed.

**9.   Class Actions:**

This is not a class action.

**10.  Related Cases:**

None.

**11.  Relief:**

Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees. D.E. 1.

Tesla seeks judgment in its favor and an order awarding it all reasonable attorney's fees and costs incurred in the defense of this action, along with all other relief that the Court deems just and proper.

**12.  Settlement and ADR:**

The Parties are amenable to ADR efforts, potentially including private mediation.

**13.  Consent to Magistrate Judge For All Purposes:**

This matter was first assigned to Chief Magistrate Judge Joseph C. Spero. This matter was reassigned to the Honorable Edward M. Chen. D.E. 21.

**14.  Other References:**

Tesla believes this case should be ordered to binding arbitration. Tesla does not believe that this case is suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

Plaintiff has filed an Opposition to Tesla's Motion to Compel Arbitration.

**15.  Narrowing of Issues:**

There is no narrowing of issues at this time.

**16.  Expedited Trial Procedure:**

The Parties do not believe that this is a case that would benefit from the Expedited Trial Procedure of General Order No. 64.

**17.  Scheduling:**

In order to preserve the time and resources of the Parties and the Court, and to avoid potential unnecessary disruption of the Court's trial schedule, Tesla respectfully requests that the Court not enter any dates unless and until doing do is needed, pending the Court's ruling on the Motion for Arbitration.

**18.  Trial:**

In order to preserve the time and resources of the Parties and the Court, and to avoid potential unnecessary disruption of the Court's trial schedule, Tesla respectfully requests that the Court not enter any dates unless and until doing do is needed, pending the Court's ruling on the Motion for Arbitration.

**19.  Disclosure of Non-Party Interested Entities or Persons:**

The Parties are not aware of any interested entities or persons other than Plaintiff and Tesla.

**20.  Professional Conduct:**

Counsel for Tesla is familiar with the guidelines for professional conduct for the Northern District of California. Plaintiff is representing herself in this case and will review the guidelines for professional conduct for the Northern District of California.

**21.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

Due to COVID-19 -related concerns, the Parties respectfully request that the Court continue to permit the Parties to appear remotely whenever possible, including for the upcoming case management conference.

DATED: April 28, 2022                    SHAMEIM LOWTHER

By: */s/ Shameim Lowther*
Shameim Lowther, *Pro Se*

DATED: April 28, 2022                    TESLA, INC.

By: */s/ Kiran S. Lopez*
Kiran S. Lopez
Attorney for Defendant Tesla, Inc.

ATTESTATION

I attest that all other signatories lists, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 28, 2022                    */s/ Kiran S. Lopez*
Kiran S. Lopez

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 901 Page Avenue, Fremont, California 94538. On the date set forth below, I served the attached:

**JOINT CASE MANAGEMENT STATEMENT BY PLAINTIFF SHAMEIM LOWTHER AND DEFENDANT TESLA, INC.**

on the following interested party(s) in said cause:

Shameim Lowther (lowthershameim@gmail.com)

**[ ] VIA MAIL -- CCP §1013(a), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Fremont, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

**[ ] VIA OVERNIGHT MAIL/COURIER -- CCP §1013(c), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**[X] VIA E-MAIL OR ELECTRONIC TRANSMISSION -- CCP §§1010.6, 1013(e), 2015.5, CRC 2008:**
Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I am readily familiar with my firm's business practice of processing and transmitting documents via e-mail or electronic transmission(s) and any such documents would be transmitted in the ordinary course of business.

**[ ] VIA HAND DELIVERY -- CCP § 1011, 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 28, 2022, at San Francisco, California.

_____
WILLIAM NERVIS

- 1 -